Action by George W. Brown against Samuel Coleman, originally brought in the justice court of the city of Brooklyn, where judgment was rendered in favor of defendant on his claim. On appeal to the county court a verdict was rendered in favor of defendant. From the judgment entered thereon plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN, J.

*J. Culbert Palmer,* for appellant.  *James J. Rogers,* for respondent.

BARNARD, P. J.  By section 502 of the Code of Civil Procedure it is provided that, when an assignee of a claim sues upon it, a demand existing at the time of the assignment may be allowed as a counter-claim to the amount of the plaintiff's demand. The case shows that the plaintiff is the assignee of a claim for rent. The defendant sets up a counter-claim for a breach of the contract under which the premises were leased. The court charged that the assignee stood in the place of his assignor for all damages sustained by the tenant on account of a breach of the landlord's (assignor's) agreement. This was erroneous. When the jury allowed a counter-claim to the extent of the plaintiff's demand, the court should have told the jury to find for the defendant. The fact that the plaintiff's attorney was the assignor of the claim has no relevancy in this respect. In the case of *Patton* v. *Baking Powder Co.,* 114 N. Y. 1, 20 N. E. Rep. 621, the claim of the plaintiff, although sued as assignee, "was his personally, and not as assignee." He assumed to perform the contract assigned to him which made him liable for damages for a breach of the contract. The judgment of the county court should be reversed, and a new trial granted, with costs to abide event.

---

### WIGHT v. BENNETT.

*(Supreme Court, General Term, Second Department.  February 10, 1890.)*

JUDGMENT—OPENING DEFAULT—SERVICE OF PROCESS.

Defendant, in an action for libel, persistently avoided service of the papers, but was subsequently served under circumstances which made the service a doubtful one. In default of his appearance, the damages were assessed at $20,000. A mo-

tion to set aside the proceedings because of a defective service was denied, with leave to apply to open the default. Defendant refused the terms, and appealed to the general term, which affirmed the order, with a like permission to apply to open the default. He then appealed to the court of appeals, where the order was again affirmed. Pending this last appeal, plaintiff died. *Held*, a motion by defendant for leave to defend was properly denied.

Appeal from special term, Queens county.

Russell Wight, plaintiff's decedent, recovered a judgment by default against the defendant, James Gordon Bennett, for a libel published in the latter's newspaper, the New York Evening Telegram. In default of an appearance, the damages were assessed by a jury at $20,000. Defendant appeals from an order denying his application to open the default.

Argued before BARNARD P. J., and PRATT, J.

*John Townshend*, (*Joseph H. Choate*, of counsel,) for appellant. *Robert Seabury* and *Chauncey Shaffer*, (*A. N. Weller* and *B. W. Downing*, of counsel,) for respondent.

BARNARD, P. J. The complaint in this action avers that in September, 1883, the defendant published a false and defamatory charge against Russell Wight, the plaintiff's deceased intestate. The complaint was verified in September, 1884, and the papers show that the defendant persistently avoided the service thereof upon him, even to the extent of violating his word, and an appointment of a place of meeting for that purpose. The service was made under circumstances which made it a matter of doubt whether it was a good service. The plaintiff treated the service as good, and had his damages assessed by a jury. The jury gave a very large verdict. This was in June, 1886. In July, 1886, the defendant made a motion to set aside the proceedings because of a defective service of the complaint. The motion was denied, but with leave to defendant to apply to open the default, and answer the charge. The defendant did not accept the terms, but appealed from the order; and the same was affirmed at general term, (43 Hun, 638, *mem*,) with a like permission to apply to open the default, and have a trial on the merits. The original plaintiff was then alive. The defendant appealed to the court of appeals, and the order was affirmed. 21 N. E. Rep. 1117, *mem*. The plaintiff is now dead, and the suit has been revived in the name of his administratrix. The defendant now makes a motion to be permitted to defend. The motion was denied, and this appeal is brought from that order.

The order should be affirmed. The defendant has made a contest upon a technical question of service so long that now justice cannot be done to the deceased plaintiff's case. If an answer be permitted, the issue in this action must be tried without the testimony of the witness, who may be said alone to know the facts' showing the falsity of the libel. If an answer is permitted, unless a reduction of the verdict or inquisition be made, the party who ought to have the right to accept or reject is not here to answer, and if the plaintiff, as administratrix, refuses, she must try the deceased man's case without the evidence she ought to have in support of her claim. A trial would now be substantially a default against the plaintiff. She ought not to be forced to accept a reduction under circumstances such as now exist in the case. The order should be affirmed, with costs.